## MARY E. MACKLIN v. NORTHERN BANK.

**Mortgage to Indemnify Surety—Subrogation.**

> Where a third person who is in no way bound for a debt executes a mortgage to indemnify a surety, the undertaking is personal to the surety and does not extend to the creditor, and where for any reason such surety releases the mortgage such mortgaged property cannot be held for such debt. There is no privity between the mortgagor and he creditor, and the creditor cannot be subrogated to the rights of the mortgagee even if he has not released his mortgage.

### APPEAL FROM KENTON CHANCERY COURT.

June 19, 1877.

OPINION BY JUDGE COFER:

J. J. Macklin, desiring to borrow money, procured the appellant, his daughter, to make to Patrick Gilfoyle an absolute conveyance of certain real estate owned by her to indemnify him against loss, and thereupon Gilfoyle became the surety of Macklin on a note to the appellee for $2,000. The note given for the loan was renewed at the instance of the appellee; Gilfoyle executed and delivered to the bank a writing reciting that he held the title to the property conveyed to him by the appellant to secure him as endorser on the note to the bank, and that upon the payment of the debt the property was to be reconveyed to her.

That writing was executed without the appellant's knowledge or consent, and its existence remained unknown to her until after this suit was commenced. March 23, 1875, Gilfoyle executed to the appellant a deed releasing all interest in and claim upon the property. In that deed it was recited that the property had been conveyed to him for the purpose of indemnifying him against any loss he might sustain in consequence of being the surety of J. J. Macklin for the debt to the bank, and that he had received and accepted other indemnity, and in consideration of the premises reconveyed the property. This deed was executed after the last renewal, that on which this suit was brought.

J. J. Macklin became insolvent and Gilfoyle a non-resident, and the bank asserted and was adjudged to have a lien on the mortgaged property for the security of its debt. The appellant is not indebted to the bank, and if it has a lien it must have acquired it through Gilfoyle. The mortgage was not to the bank, nor expressed to be for its benefit. It was to Gilfoyle for the specific purpose of securing and indemnifying him against loss on account of his suretyship.

There is, therefore, no privity between the appellant and the bank. She does not owe Gilfoyle, and having reconveyed the property to her he could not now resort to the mortgage for indemnity if forced to pay the debt. He therefore has no right or interest under the mortgage to which the bank can be subrogated, and it has no lien unless the mortgage created such lien before and without a breach of its conditions, for these have not been broken.

A mortgage by the debtor to a surety creates a trust for the payment of the debt, and the creditor may treat the mortgagee as holding the mortgaged property in trust for his benefit, and proceed to foreclose it. The debtor cannot object and thereby force his surety to pay the debt, and then resort to the mortgage for indemnity. The surety cannot object because the only interest he has in the property is his indemnity, which is best accomplished by payment. The principal ought to pay his debt, and as the mortgaged property must ultimately be sold to pay it, unless paid by the principal, the law treats it as a trust created by the debtor for the benefit of both the creditor and the surety, and therefore the surety cannot release the mortgage to the prejudice of the creditor.

But when a third person, in no way bound for the debt, executes a mortgage to indemnify a surety, the undertaking is personal to the surety and does not extend to the creditor. The obligation of the mortgagor is contingent. Not so with the debtor who has executed a mortgage to indemnify a surety. Being bound to pay the debt he is in default when he fails to pay according to the terms of his contract. The appellant is not in default. She never undertook to pay the debt, and no suit could be maintained against her or her property until the conditions of her undertaking were broken.

Gilfoyle could maintain no action, and even if entitled to be subrogated to his rights the bank could not maintain the action. The mortgage not having been given to the bank or for its indemnity, the reconveyance by Gilfoyle was effectual to reinvest the appellant with the unencumbered title.

It does not matter that the bank may have given credit to the mortgage. It knew all the facts, and was bound at its peril to know their legal effect. Judgment *reversed,* and cause remanded with directions to dismiss the petition as to the appellant.

*Stevenson & O'Hara, for appellant.*

*Pryor & Chambers, for appellee.*